# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC LAWTON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO: 1:20-CV-00349-TWT-AJB |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| PUBLIC SAFETY, and its Division | : | |
| the GEORGIA STATE PATROL, | : | |
| | : | |
| TOMMY WALDROP, individually | : | |
| and in his official capacity under | : | |
| color of law as Major,  Georgia | : | |
| State Patrol, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER AND DEFENSES

COME NOW Georgia Department of Public Safety[1] and Tommy Waldrop,

individually and in his official capacity,  Defendants in the above-styled action,

within time permitted by law, and files  this their Answer and make known their

defenses to the Plaintiff's Complaint for Monetary Damages ("Complaint"),

showing this Court the following:

---

[1] Georgia State Patrol is a Division of the Georgia Department of Public Safety. As
such, it is not a legally separate entity capable of being sued. This Answer is made
on behalf of all properly named Defendants.

## FIRST DEFENSE

Some of Plaintiff's claims and/or remedies may be subject to dismissal, for lack of personal or subject matter jurisdiction.

## SECOND DEFENSE

Plaintiff is not entitled to compensatory damages to the extent that he has failed to mitigate damages as required by law.

## THIRD DEFENSE

Defendants incorporate by reference all affirmative defenses contained in Federal Rule of Civil Procedure 8(c) to the extent that same apply.

## FOURTH DEFENSE

To the extent Plaintiff seeks punitive damages, such relief is not available against Defendants.

## FIFTH DEFENSE

Plaintiff has not been deprived of any rights, privileges or immunities secured under the United States Constitution or the laws of the United States and the State of Georgia.

## SIXTH DEFENSE

All actions taken by the Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory business reasons.

## SEVENTH DEFENSE

Defendants are immune from suit as to some or all of the claims raised in Plaintiff's Complaint pursuant to the Eleventh Amendment to the Constitution of the United States and sovereign immunity.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy all jurisdictional and administrative requisites for those claims.

## NINTH DEFENSE

Defendants deny any allegations not expressly admitted herein.

Defendants reserve the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation. Without waiving any defenses, Defendants responds to Plaintiff's Complaint as follows:

## INTRODUCTION

Plaintiff begins his Complaint with an un-numbered, five-paragraph introduction, which represents a summary of Plaintiff's claims against Defendants. As such, it requires no responsive pleading from Defendant. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to any relief whatsoever against Defendants in this or any court or that Plaintiff's rights were violated by Defendants as alleged in the Complaint.

## JURISDICTION AND VENUE

### 1.

Paragraph 1 of Plaintiff's Complaint is a statement of jurisdiction and, as such, requires no responsive pleading from Defendants. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants in this or any court or that Plaintiff's rights were violated by Defendants as alleged in the Complaint.

### 2.

Paragraph 2 states a legal conclusion and as such, requires no response.

### 3.

Paragraph 3 of Plaintiff's Complaint is a statement of venue and, as such, requires no responsive pleading from Defendant. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever against Defendants in this or any court or that Plaintiff's rights were violated by Defendants as alleged in the Complaint.

## **PARTIES**

### 4.

Defendants admit the allegations of Paragraph 4 to the extent it describes Plaintiff and his employment with DPS. The remaining allegations state a legal conclusion and as such, require no response.

### 5.

Defendants admit the allegations in Paragraph 5 of the Complaint to the extent they describe the Department of Public Safety and Georgia State Patrol. The remaining allegations are a description of Plaintiff's claims as legal conclusions and as such, no response is required.

### 6.

Defendants admit the allegations of Paragraph 6 to the extent they describe Lieutenant Colonel Waldrop as the then-commanding officer of the Georgia State Patrol, with the rank of Major. Defendants further admit that Lieutenant Colonel Waldrop had authority to make job decisions concerning the 800+ Troopers who constitute the Georgia State Patrol, and that he did not require re-training of Trooper Lawton prior to terminating him. Defendants deny the remaining allegations of Paragraph 6.

# STATEMENT OF FACTS[2]

## 7.

Defendants admit the allegations of Paragraph 7 of the Complaint.

## 8.

In response to the allegations of Paragraph 8 of Plaintiff's Complaint, Defendants deny that all of Defendants' "new hires" go to Trooper School. Defendants admit the remaining allegations in Paragraph 8 of the Complaint.

## 9.

Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

## 10.

Defendants admit the allegations in Paragraph 10 of Plaintiff's Complaint.

## 11.

Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint.

---

[2] Plaintiff has included numerous headings throughout his Complaint. Some are neutral and common – i.e. "Parties" and "Jurisdiction and Venue" - while others are argumentative and imply wrongdoing on behalf of Defendants. *See, e.g.,* Compl., pp. 8, 9, 19. Due to these implications, the headings are not repeated herein and, to the extent they can be construed as allegations, Defendants deny that they have violated Plaintiff's rights in any way or that he is entitled to any relief whatsoever from Defendants.

12.

Defendants admit Trooper Lawton first reported for duty on or about June 18, 2018.

13.

Defendants admit the allegations of Paragraph 13 of Plaintiff's Complaint; however deny that the 18-month probationary period for a Trooper begins before he/she graduates from Trooper School.

14.

Defendants admit the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants admit the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants admit the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

In response to Paragraph 18 of Plaintiff's Complaint, Defendants admit that Lt. Colonel Waldrop advised Trooper Lawton of his dismissal and provided the reasons stated in this paragraph. However, in way of further response, Defendants

deny that Major Waldrop provided Trooper Lawton with all the reasons for the decision to dismiss him, or that Major Waldrop was required to provide such a list.

19.

Defendants admit the assertions in Paragraph 19 of Plaintiff's Complaint.

20.

In response to the allegations of Paragraph 20 of Plaintiff's Complaint, Defendants admit that Trooper Lawton pulled over a driver on August 5, 2018, and checked the status of that driver's license through GCIC. However, Defendants deny that Trooper Lawton learned that the driver was driving unlicensed, versus driving on a suspended license. By way of further response, Defendants are currently without knowledge or information sufficient to form a belief of the truth of the allegations that GCIC "identified the individual as a 'wanted person'," as that phrase is used in Plaintiff's Complaint, since GCIC generally provides information regarding any outstanding warrant(s).

21.

In response to the allegations of Paragraph 21 of Plaintiff's Complaint, Defendants admit that Trooper Lawton contacted the Defendants' communications center and questioned the warrant against the subject driver and whether to arrest him. Defendants further admit the allegation that Defendants' dispatcher sought

and verified the status of the license suspension and warrant.  Defendants deny the remaining allegations of Paragraph 21.

22.

Defendants deny, as pled, the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny, as pled, the allegations in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny, as pled, the allegations of Paragraph 24 of Plaintiff's Complaint.

25.

Defendants admit the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny, as pled, the allegations of Paragraph 26 of Plaintiff's Complaint.

27.

Defendants admit the allegations of Paragraph 27 of Plaintiff's Complaint.

28.

In response to the allegations of Paragraph 28 of Plaintiff's Complaint, Defendants submit that SFC Massey's report speaks for itself. Defendants deny the remaining allegations as stated.

29.

Defendants deny, as pled, the assertions in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants admit the assertions in Paragraph 30 of Plaintiff's Complaint.

31.

In response to the allegations of Paragraph 31 of Plaintiff's Complaint, Defendants admit only that Plaintiff attempted to perform multiple tests, including the Horizontal Gaze Nystagmus and breathalyzer tests, and that Plaintiff may have believed that the subject driver had passed. Defendants deny, as pled, the remaining allegations of Paragraph 31.

32.

In response to the allegations of Paragraph 32 of Plaintiff's Complaint, Defendants admit only that they reviewed the subject video. Defendants deny the remaining allegations of Paragraph 32.

33.

In response to the allegations of Paragraph 33 of Plaintiff's Complaint, Defendants admit that Trooper Lawton contacted and informed SFC Duane Massey of the subject DUI stop and purported results, received instructions to perform the Romberg test, and did not arrest the subject driver. Defendants deny the remaining allegations of Paragraph 33.

34.

In response to the allegations of Paragraph 34 of Plaintiff's Complaint, Defendants admit that Troopers are trained not to make an arrest when there is insufficient evidence to sustain a conviction, and that Trooper Roberts' performance evaluation(s) shall speak for themselves. Defendants deny the remaining allegations of Paragraph 34.

35.

In response to the allegations of Paragraph 35 of Plaintiff's Complaint Defendants admit only that they reviewed the DUI video from the August 4, 2018 traffic stop and saw signs of an impaired driver. Defendants are without knowledge or information sufficient to form a belief as to the truth of what Plaintiff claims to know and therefore, cannot admit or deny same. Defendants deny, as pled, the remaining allegations of Paragraph 35.

36.

Defendants deny, as pled, the allegations of Paragraph 36 of Plaintiff's Complaint.

37.

Defendants deny, as pled, the allegations of Paragraph 37 of Plaintiff's Complaint.

38.

Defendants admit the allegations of Paragraph 38 of Plaintiff's Complaint.

39.

In response to the allegations of Paragraph 39 of Plaintiff's Complaint, Defendants show that the EEOC findings, attached to the Complaint as exhibit I, speak for themselves. To the extent further response is required, Defendants deny any wrongdoing against or liability to Plaintiff.

40.

In response to the allegations of Paragraph 40 of Plaintiff's Complaint, Defendants show that the EEOC findings, attached to the Complaint as exhibit I, speak for themselves. To the extent further response is required, Defendants deny any wrongdoing against or liability to Plaintiff.

41.

In response to the allegations of Paragraph 41 of Plaintiff's Complaint, Defendants show that the EEOC findings, attached to the Complaint as exhibit I, speak for themselves. To the extent further response is required, Defendants deny any wrongdoing against or liability to Plaintiff.

42.

Defendants deny the allegations of Paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny, as pled, the allegations of Paragraph 43 of Plaintiff's Complaint. Specifically, Defendants deny that the proffered individuals are similarly situated to Plaintiff in all material respects.

44.

Defendants deny, as pled, the allegations of Paragraph 44 of Plaintiff's Complaint.

45.

In response to the allegations of Paragraph 45 of Plaintiff's Complaint, Defendants admit that Lt. Col. Waldrop was the commanding officer of the Georgia State Patrol, with the authority and responsibility of making decisions

concerning dismissals of Troopers during that timeframe.  Defendants deny the remaining allegations of Paragraph 45.

46.

Defendants admit the allegations of Paragraph 46 of Plaintiff's Complaint.

47.

Defendants are without knowledge to admit or deny the allegations of Paragraph 47.

48.

In response to the allegations of Paragraph 48 of Plaintiff's Complaint, Defendants admit that Trooper Roberts struggled with performing his job responsibilities and duties for the Georgia State Patrol.  Defendants deny the remaining allegations of Paragraph 48.

49.

Defendants deny, as pled, the allegations of Paragraph 49.

50.

Defendants deny, as pled, the allegations of Paragraph 50 of Plaintiff's Complaint.

51.

Defendants deny, as pled, the allegations of Paragraph 51 of Plaintiff's Complaint.

52.

Defendants admit the allegations of Paragraph 52 of Plaintiff's Complaint.

53.

Defendants deny, as pled, the allegations of Paragraph 53 of Plaintiff's Complaint.

54.

Defendants admit the allegations of Paragraph 54 of Plaintiff's Complaint.

55.

Defendants admit the allegations of Paragraph 55 to the extent that Trooper Roberts resigned before Defendants could terminate him.

56.

Defendants are without knowledge or information to admit or deny the allegations of Paragraph 56, and demand proof of same.

57.

In response to the allegations of Paragraph 57 of Plaintiff's Complaint, Defendants admit that Trooper Barnes is Caucasian and employed by the Georgia

Department of Public Safety. Defendants deny, as pled, the remaining allegations of Paragraph 57.

58.

Defendants admit that Trooper Barnes is employed by the Georgia Department of Public Safety. Defendants deny, as pled, the remaining allegations of Paragraph 58.

59.

In response to the allegations of Paragraph 59 of Plaintiff's Complaint, Defendants admit that Trooper Pritchett is Caucasian and employed by the Georgia Department of Public Safety. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59, and therefore cannot to admit or deny same.

60.

In response to the allegations of Paragraph 60 of Plaintiff's Complaint, Defendants admit that Trooper Pritchett is employed by the Georgia Department of Public Safety. Defendants deny, as pled, the remaining allegations of Paragraph 60.

61.

In response to the allegations of Paragraph 61 of Plaintiff's Complaint, Defendants admit that Trooper Williams is Caucasian and was employed by the

Georgia Department of Public Safety. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59, and therefore cannot to admit or deny same.

62.

Defendants deny, as pled, the allegations of Paragraph 62 of Plaintiff's Complaint.

63.

In response to the allegations of Paragraph 63 of Plaintiff's Complaint, Defendants admit that Major Waldrop dismissed Trooper Lawton, in part because Trooper Lawton improperly utilized a department-issued patrol car for personal use without permission and because he had presented his shotgun during a weapons inspection without an operating piece, which he had left at home. Defendants deny, as pled, the remaining allegations of Paragraph 63.

64.

Defendants admit the allegations in Paragraph 64 of the Complaint.

65.

Defendants admit the allegations in Paragraph 65 of the Complaint.

66.

Defendants deny, as pled, the allegations of Paragraph 66 of Plaintiff's Complaint.

67.

Defendants admit the allegations of Paragraph 67 of the Complaint.

68.

In response to the allegations of Paragraph 68 of Plaintiff's Complaint, Defendants admit that Plaintiff drove his patrol car, without authorization, to various locations, including his mother's house, during the weeks between Trooper graduation and his reporting for duty at Post 13, and that the patrol car had more than 100,000 miles on it. Defendants deny, as pled, the remaining allegations of Paragraph 68.

69.

In response to the allegations of Paragraph 69 of Plaintiff's Complaint, Defendants admit that an investigation was opened into Plaintiff's misuse of his patrol car. Defendants deny, as pled, the remaining allegations of Paragraph 69.

70.

Defendants admit that Trooper Nunn and Sergeant Brian Cody met with Plaintiff regarding the misuse of his patrol car on or around July 10, 2018. Defendants deny, as pled, the remaining allegations of Paragraph 70.

71.

Defendants admit the allegations of Paragraph 71 of Plaintiff's Complaint.

72.

Defendants deny the allegations of Paragraph 72 of Plaintiff's Complaint.

73.

In response to the allegations of Paragraph 73 of Plaintiff's Complaint, Defendants deny that the explanation given by Major Waldrop for termination was required or intended to be a full list. Defendants admit the remaining allegations of Paragraph 73.

74.

Paragraph 74 of Plaintiff's Complaint alleges no facts, but argues for a legal conclusion. As such, no response is required. To the extent a response is required, Defendants deny any allegation of wrongdoing and liability to Plaintiff.

75.

In response to the allegations of Paragraph 75 of Plaintiff's Complaint,
Defendants admit Plaintiff was dismissed from the Department of Public Safety on
August 16, 2018. The remainder of Paragraph 75 constitutes argument and no
response is required. To the extent a response is required, Defendants deny any
allegation of wrongdoing and liability to Plaintiff.

76.

Defendants admit the allegations of Paragraph 76 of the Complaint.

77.

Defendants admit the allegations of Paragraph 77 of the Complaint.

78.

Defendants admit the allegations of Paragraph 78 of the Complaint.

79.

In response to the allegations of Paragraph 79 of Plaintiff's Complaint,
Defendants are without knowledge or information sufficient to form a belief as to
the truth of whether an unspecified lieutenant told Plaintiff the weapons violation
"was alright and that 'we live and learn'" and therefore, cannot admit or deny
same. Defendants deny the remaining allegations of Paragraph 79.

80.

Defendants deny, as pled, the allegations of Paragraph 80 of Plaintiff's Complaint.

81.

Defendants admit the allegations Paragraph 81 of Plaintiff's Complaint.

82.

Defendants deny, as pled, the allegations of Paragraph 82 of Plaintiff's Complaint.

83.

Defendants deny, as pled, the allegations of Paragraph 83 of Plaintiff's Complaint.

84.

Defendants deny, as pled, the allegations of Paragraph 84 of the Complaint.

85.

Defendants deny, as pled, the allegations of Paragraph 85 of Plaintiff's Complaint.

86.

Defendants deny, as pled, the allegations of Paragraph 86 of Plaintiff's Complaint.

87.

Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 87, and demand proof of same.

88.

Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of Plaintiff's Complaint and therefore, cannot admit or deny same.

89.

Defendants are without sufficient knowledge or information to admit or deny the allegations, including the subparagraphs, of Paragraph 89 of Plaintiff's Complaint, and demand proof of same.

90.

Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 90 of Plaintiff's Complaint, and demand proof of same.

91.

In response to the allegations of Paragraph 91 of Plaintiff's Complaint, Defendants admit that Plaintiff was terminated as a State Trooper on August 16, 2018, which became effective August 17, 2018. Defendants are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations and therefore, cannot admit or deny same.

92.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of Plaintiff's Complaint and therefore, cannot admit or deny same.

93.

Paragraph 93 asserts a legal conclusion and as such, requires no response. To the extent a response is required, Defendants deny that they have violated Plaintiff's rights in any way or that he is entitled to any relief whatsoever from Defendants.

94.

Defendants deny, as pled, the allegations of Paragraph 94 of Plaintiff's Complaint.

95.

Paragraph 95 argues a legal conclusion, and as such requires no response. To the extent a response is required, Defendants deny that they have violated

Plaintiff's rights in any way or that he is entitled to any relief whatsoever from Defendants.

96.

Paragraph 96 alleges no new facts and merely argues a conclusion, and as such no response is required.

97.

Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 97. However, Defendants deny any allegation of wrongdoing and liability to Plaintiff.

98.

Paragraph 98 alleges no new facts and merely asserts a legal conclusion, and as such no response is required.

99.

Paragraph 99 alleges no new facts and merely asserts argument, and as such no response is required.

## COUNT I
## 42 U.S.C. § 1983—VIOLATION OF FOURTEENTH AMENDMENT RIGHTS TO EQUAL PROTECTION
### (*Against All Defendants*)

### 100.

Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

### 101.

Defendants deny the assertions of Paragraph 101 of Plaintiff's Complaint.

## COUNT II
## 42 U.S.C. § 2000e, et. seq. ("Title VII") — VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (*Against Defendant Georgia Department of Public Safety*)

### 102.

Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

### 103.

Defendants deny the assertions of Paragraph 103 of Plaintiff's Complaint.

## COUNT III
## CLAIM FOR INJUNCTIVE
## RELIEF
*(Against All Defendants)*

### 104.

Defendants incorporates by reference their responses to the preceding

paragraphs of the Complaint.

### 105.

Paragraph 105 asserts a legal conclusion and as such, no response is

required. To the extent a response is required, Defendants deny any wrongdoing

and liability to plaintiff.

### 106.

Defendants deny the assertions in Paragraph 106 of Plaintiff's Complaint.

## COUNT IV ATTORNEY FEES
*(Against All Defendants)*

### 107.

Defendants deny the assertions in Paragraph 107 of Plaintiff's Complaint.

## COUNT IV PUNITIVE DAMAGES
*(Against Defendant Waldrop)*

### 108.

Defendants deny the assertions in Paragraph 108 of Plaintiff's Complaint.

## COUNT V SPECIAL DAMAGES
*(Against All Defendants)*

109.

Defendants deny the assertions in Paragraph 109 of Plaintiff's Complaint.

### **Prayer for Relief**

Plaintiff's untitled prayer for relief following Paragraph 109 contains statements of remedies that Plaintiff seeks for wrongs alleged herein and, as such, requires no responsive pleading from Defendants. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to any relief whatsoever against Defendants in this or any other court or that Plaintiff's rights were violated by Defendants as alleged in the Complaint.

Defendants deny each and every averment in Plaintiff's Complaint that has not been heretofore specifically admitted, denied, or otherwise controverted.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed, that his prayers for relief be denied in each and every particular with all costs cast upon Plaintiff, and for such other relief as this Court deems just and proper, including but not limited to an award of reasonable attorney fees incurred by Defendants in the defense of this action, as well as the costs incurred in defending this action.

Respectfully submitted this 18th day of March, 2020,

CHRISTOPHER M. CARR 112505
Attorney General

BRYAN K. WEBB 743580
Deputy Attorney General

KATHERINE P. STOFF 536807
Senior Assistant Attorney General

*s/Miles C. Skedsvold*
MILES C. SKEDSVOLD 371576
Assistant Attorney General

*s/Courtney C. Poole*
COURTNEY C. POOLE 560587
Assistant Attorney General
*Attorneys for Defendants*
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 463-1063
Telephone : (404) 656-3384
mskedsvold@law.ga.gov
cpoole@law.ga.gov

Please address all
communications to:

COURTNEY C. POOLE
Assistant Attorney General
Department of Law, State of Georgia
40 Capital Square SW
Atlanta, Georgia 30334-1300
Telephone: (404) 656-3384
Email: cpoole@law.ga.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 18, 2020, I electronically filed the foregoing

**DEFENDANTS' ANSWER AND DEFENSES** with the Clerk of the Court using

the CM/ECF system, which will automatically send email notification of such

filing to the following attorneys of record:

      Mario Williams
      mario@goodgeorgialawyer.com
      mwilliams@ndh-law.com

<u>s/*Courtney C. Poole*</u>
Courtney C. Poole
Assistant Attorney General