# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC LAWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:20-cv-00349-TWT-AJB |
| GEORGIA DEPARTMENT OF ) | |
| PUBLIC SAFETY, and its Division, ) | |
| the GEORGIA STATE PATROL, et al., ) | |
| ) | |
| Defendants. ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

    (a) Describe briefly the nature of this action.

    This is a racial discrimination employment case. Plaintiff Lawton is bringing the following claims: (1) 42 U.S.C. § 1983, Violation of Fourteenth Amendment Rights to Equal Protection; (2) 42 U.S.C. §2000e, et seq., Violation of Title VII of the Civil Rights Act of 1964; and (3) Injunctive Relief reinstating Plaintiff Lawton to his position as State Trooper.

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff's statement of facts

Plaintiff Eric Lawton is an African American adult male who was employed by Defendant Georgia Department of Public Safety, Georgia State Patrol Division. Plaintiff Lawton was hired by the Georgia Department of Public Safety on October 1, 2017. Plaintiff Eric Lawton was also under the command of Defendant Thomas Waldrop, who was a commanding officer with the rank of Major within the Georgia Department of Public Safety. Trooper Lawton was the only African American Trooper at Post 13 from his employment start date through his employment termination. Trooper Lawton first reported to duty as a Trooper at Post 13 on June 18, 2018. From his employment start date, Trooper Lawton was under an 18-month probationary period, called a "working test."

On August 15, 2018, Trooper Lawton was placed on administrative leave with pay. On August 16, 2016, Trooper Lawton was terminated. The purported bases for terminated Trooper

Lawton were: (1) failing to arrest someone that was unlicensed on August 5, 2018; and (2) failing to arrest someone for a possible DUI on August 4, 2018.

After his termination, Trooper Lawton filed a complaint with the EEOC on September 6, 2018, alleging that he had been discriminated against because of his race. On July 15, 2019, the EEOC sent a pre-determination letter to the Georgia Department of Public Safety, informing them that their preliminary finding was that the Department had violated Trooper Lawton's Title VII rights. On August 7, 2019, Darrell Graham, Director of the EEOC Atlanta District Office, issued a Letter of Determination finding that there is reasonable cause to conclude that Trooper Lawton was discriminated against because of his race.

Defendant's Statement of Facts

Plaintiff Eric Lawton was employed with Defendant Georgia Department of Public Safety. Trooper Lawton was terminated during the 18 month probationary period called a "working test" because, based on a variety of incidents and deficiencies, he failed to demonstrate that he could adequately perform the duties of a state trooper.

(c) The legal issues to be tried are as follows:

- Whether Plaintiff can show Defendants violated Title VII
- Whether Plaintiff can show Defendants violated the Fourteenth Amendment to the United States Constitution
- Whether and to what extent Plaintiff can show entitlement to compensatory damages and back pay
- Whether and to what extent Plaintiff can show entitlement to attorney's fees, costs, and punitive damages
- Whether and to what extent Plaintiff can show entitlement to injunctive relief

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**
    _____ (1) Unusually large number of parties
    _____ (2) Unusually large number of claims or defenses
    _____ (3) Factual issues are exceptionally complex
    _____ (4) Greater than normal volume of evidence
    \_\_\_X\_\_\_\_ (5) Extended discovery period is needed – Due to COVID-19

|        | (6) Problems locating or preserving evidence |
|        | (7) Pending parallel investigations or action by government |
|        | (8) Multiple use of experts |
|        | (9) Need for discovery outside United States boundaries |
|        | (10) Existence of highly technical issues and proof |
|        | (11) Unusually complex discovery of electronically stored information |

**3. Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff

    Mario Williams
    NDH, LLC
    44 Broad Street NW
    Atlanta, GA 30303
    Email: mwilliams@ndh-law.com
    Ph : 404-254-0442
    Fax: 404-935-9391

    Maria-Vittoria G. Carminati
    NDH, LLC
    44 Broad Street NW
    Atlanta, GA 30303
    Email: mvcarminati@ndh-law.com
    Ph: 720-445-5655

Defendant:

    Courtney Poole
    Georgia Department of Law
    40 Capitol Square SW
    Atlanta, GA 30334
    cpoole@law.ga.gov
    Ph: 404-656-3384

    Miles Skedsvold
    Georgia Department of Law
    40 Capitol Square SW
    Atlanta, GA 30334
    mskedsvold@law.ga.gov
    Ph: 404-463-1063

4.   **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes \_\_\_X\_\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.   **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined: None.

   (b) The following persons are improperly joined as parties: None.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   The Georgia State Patrol is a Division of the Georgia Department of Public Safety and not a separate entity. The parties agree no changes are required to the pleadings but understand there is one entity in that respect.

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.   **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings that the parties anticipate will be necessary: None.

   (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

   (a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
   (b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
   (c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
   (d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

> The deadline for Initial Disclosures is June 3, 2020.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

> At this time the parties do not need a Scheduling Conference. The parties do have a discovery disagreement but agree that it should be addressed at a later time and would benefit from additional discussion.
>
> Plaintiff asks that all electronic discovery be produced in either native format or as TIFF with a load file. Plaintiff knows that such productions can be bates labeled. Defendants disagree on the basis that native files cannot be bates labeled and that engaging in this type of electronically discovery is highly burdensome and expensive for the State, which is not equipped to do so.

> While the parties disagree about whether or not production of information should take place in native format, the parties have agreed to continue discussing the issue until they have a better sense of the scope of electronic discovery in this case.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

> The case was stayed twice since its filing because of the COVID pandemic. On March 30, 2020, the Court stayed the matter for thirty days from Defendants' Answer, filed on March 18, 2020. ECF No. 11. The parties were ordered to submit a Joint Status Report on April 17, 2020. ECF No. 11. The parties filed a Joint Status Report on April 17, 2020. ECF No. 15. Defendants requested an extension to the stay. *Id.* The Court granted the additional stay through May 21, 2020. ECF No. 16. The parties were ordered to file a further Joint Status Report on that date.
>
> Applying the various stays, discovery commences thirty days from May 21, 2020. Any discovery served before that date will be deemed due 30 days later, July 20, 2020.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff's Position**
- Defendant Georgia Department of Public Safety's and Georgia State Patrol's probationary policies, suspension policies, and termination policies.
- Defendant Georgia Department of Public Safety's and Georgia State Patrol's documents, records, email communications and electronic records pertaining to Plaintiff Eric Lawton.
- Defendant Tommy Waldrop's documents, records, email communications, and electronic records pertaining to Plaintiff Eric Lawton.
- Employment records for other Defendant Georgia Department of Public Safety and Georgia State Patrol employees who engaged in same or similar conduct purportedly engaged in by Plaintiff Eric Lawton.
- Plaintiff Eric Lawton's probationary period, employment records, reviews & assessments, suspension, and termination.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

In any case, the parties request eight months from June 20, 2020 today to complete discovery.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

In the case of requests for information sent under the Georgia Open Records Act, the parties agree that the requesting party shall notify the counsel of record for all other parties that such requests have been sent. Pursuant to Fed. R. Civ. P. 5(b)(2)(e), the parties consent to service by electronic means with respect to discovery requests and responses, in which event such service is complete upon transmission.

(b) Is any party seeking discovery of electronically stored information?

__x_ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

- The parties have agreed to confer regarding scope of production, search terms, and time limitations after initial disclosures.
- The parties agree that initial disclosures will not encompass production of documents or information and therefore this conversation is better had once Defendants receive Requests for Information from Plaintiff.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document

Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

- Defendants foresee having most of their documents in hard copies and a small portion in electronic form.
- Defendants plan to produce all documents in .pdf format.
- Plaintiff does not object to hard copy documents being scanned and produced in .pdf format but requests that all electronic documents be produced in native format or with a load file to preserve metadata.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate requesting a Consent Protective Order to protect personal information found in personnel files.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 20, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):

*Maria-Vittoria G. Carminati*
Maria-Vittoria G. Carminati

Other participants:

*Alexandra Parrott*
Alexandra Parrott

For defendant: Lead counsel (signature):

_____

Other participants:

_____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( ) A possibility of settlement before discovery.
(x) A possibility of settlement after discovery.
( ) A possibility of settlement, but a conference with the judge is needed.
( ) No possibility of settlement.

(c) Counsel ( ) do or (x) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20\_\_\_. The parties will continue to discuss as settlement progresses and do not have a date at this time.

(d) The following specific problems have created a hindrance to settlement of this case.

**14.     Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been    submitted to   the clerk of court this \_\_\_\_ day of _____, 20 \_\_\_.

(b) The parties (x) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 2nd day of June 2020.

ATTORNEY SIGNATURE
Mario Williams
NDH, LLC
44 Broad Street NW
Atlanta, GA 30303
Email: mwilliams@ndh-law.com
Ph : 404-254-0442
Fax: 404-935-9391

Maria-Vittoria G. Carminati
NDH, LLC
44 Broad Street NW
Atlanta, GA 30303
Email: mvcarminati@ndh-law.com
Ph: 720-445-5655
*Counsel for Plaintiff*

---

OPPOSING COUNSEL INFORMATION
*Counsel for Defendant*

Courtney Poole
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
cpoole@law.ga.gov
Ph: 404-656-3384

Miles Skedsvold
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
mskedsvold@law.ga.gov
Ph: 404-463-1063

* * * * * * * * * * * * *
SCHEDULING ORDER

      Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

      IT IS SO ORDERED, this \_\_\_\_ day of _____, 20 \_\_\_.


_____
UNITED STATES DISTRICT JUDGE