IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC LAWTON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO: 1:20-CV-00349-TWT-AJB |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| PUBLIC SAFETY, and its Division | : | |
| the GEORGIA STATE PATROL, | : | |
| | : | |
| TOMMY WALDROP, individually | : | |
| and in his official capacity under | : | |
| color of law as Major, Georgia | : | |
| State Patrol, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT'S INITIAL DISCLOSURES

COME NOW Georgia Department of Public Safety and Tommy Waldrop, individually and in his official capacity, Defendants in the above-styled action, by and through counsel, the Attorney General of the State of Georgia, pursuant to Local Rule 26.1 (N.D. Ga.) and Federal Rule of Civil Procedure 26(a)(1), and submits these Initial Disclosures as follows:

**DISCLOSURE NO. 1:**

**If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended**

summons and complaint reflecting the information furnished in this disclosure response.

RESPONSE TO DISCLOSURE NO. 1:

The Georgia State Patrol is a Division of the Georgia Department of Public Safety ("DPS") and not a separate entity. With the understanding that DPS is the only entity sued here, no changes to the pleadings or amended summons is necessary.

**DISCLOSURE NO. 2:**

**Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

RESPONSE TO DISCLOSURE NO. 2:

Defendants do not contend there are any necessary parties who have not been named.

**DISCLOSURE NO. 3:**

**Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

RESPONSE TO DISCLOSURE NO. 3:

Without waiving any defenses to be asserted in its Answer and Defenses and/or a responsive pleading to Plaintiff's Complaint, Georgia Department of Public Safety and Tommy Waldrop submits the following:

Defendants' actions were taken for legitimate, non-discriminatory reasons. Plaintiff was terminated during his "working test" with DPS, in which he was required (and failed) to demonstrate to his superiors' satisfaction that he could adequately perform the duties of a state trooper.

**DISCLOSURE NO. 4:**

**Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

RESPONSE TO DISCLOSURE NO. 4:

Constitutional Provisions:

- U.S. Const. Am. XIV.

Statutes

- 42 U.S.C. § 1983
- 42 U.S.C. § 2000e, *et seq.*

Cases

- *Alden v. Maine,* 527 U.S. 706 (1999)
- *Seminole Tribe v. Florida,* 517 U.S. 44 (1996)
- *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)
- *Pearson v. Callahan,* 555 U.S. 223 (2009)
- *Harlow v. Fitzgerald,* 457 U.S. 800 (1982)
- *Snider v. Jefferson State Cmty. College,* 344 F.3d 1325 (11th Cir. 2003)
- *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)
- *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981)
- Davis v. Town Lake Park, 245 F.3d 1232 (11th Cir. 2002)
- *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428 (11th Cir. 1998)
- *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir. 1997).
- *Lewis v. City of Union City, Ga., et al.,* 918 F.3d 1213 (11th Cir. 2019)
- *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)

Defendants reserve the right to supplement this list as discovery proceeds.

## DISCLOSURE NO. 5:

**Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts**

**alleged with particularity in the pleadings, identifying the subjects of the information.**

RESPONSE TO DISCLOSURE NO. 5:

    Please see Attachment A.

**DISCLOSURE NO. 6:**

**Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

RESPONSE TO DISCLOSURE NO. 6:

Defendants do not anticipate calling any expert witnesses.

**DISCLOSURE NO. 7:**

**Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings.**

RESPONSE TO DISCLOSURE NO. 7:

    Please see Attachment C.

**DISCLOSURE NO. 8:**

**In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy or description by category and location of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based,**

**including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.**

RESPONSE TO DISCLOSURE NO. 8:

N/A.

**DISCLOSURE NO. 9:**

**If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

RESPONSE TO DISCLOSURE NO. 9:

Defendant does not contend that some other person or legal entity is liable to

plaintiff in whole or part.

**DISCLOSURE NO. 10:**

**Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

RESPONSE TO DISCLOSURE NO. 10:

     Defendant may be covered by the liability insurance administered by the

State of Georgia Department of Administrative Services. A copy of the documents

pertaining to said insurance is available to Plaintiff upon request or for inspection at the State Judicial Building, 40 Capital Square, S.W., Atlanta, Georgia 30334, Room 226.  A PDF copy of the general liability agreement can also be found online under the "General Liability Agreement" tab at http://doas.ga.gov/risk-management/insurance-services/liability-insurance.

Respectfully submitted, this 3rd day of June, 2020.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Deputy Attorney General | 743580 |
| KATHERINE P. STOFF<br>Senior Assistant Attorney General | 536807 |
| *s/Miles C. Skedsvold*<br>MILES C. SKEDSVOLD<br>Assistant Attorney General | 371576 |
| *s/Courtney C. Poole*<br>COURTNEY C. POOLE<br>Assistant Attorney General<br>*Attorneys for Defendants*<br>Georgia Department of Law<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334-1300<br>Telephone: (404) 463-1063 | 560587 |

Telephone: (404) 656-3384  
mskedsvold@law.ga.gov  
cpoole@law.ga.gov

Please address all
communications to:

COURTNEY C. POOLE  
Assistant Attorney General  
Department of Law, State of Georgia  
40 Capitol Square, SW  
Atlanta, Georgia 30334-1300  
Telephone: (404) 656-3384  
Email: cpoole@law.ga.gov

# ATTACHMENT A

1. Eric Lawton, Plaintiff; Mr. Lawton should have discoverable information regarding all of his claims.

All of the following witnesses may be contacted via Defendant's counsel at Georgia Department of Law, 40 Capitol Square, S.W., Atlanta, Georgia 30334; (404) 656-3384 or cpoole@law.ga.gov:

2. Thomas Waldrop, Defendant; Lt. Colonel may have discoverable information regarding Plaintiff's employment, the recommendation he received to terminate Plaintiff's employment, and the meeting in which Plaintiff's employment was terminated.

3. Thomas Duane Massey; Sergeant First Class Massey may have discoverable information regarding Plaintiff's employment, Plaintiff's performance issues during his working test, and substantiated allegations of official vehicle misuse.

4. Peter Lukas; Sergeant Lukas may have discoverable information regarding Plaintiff's employment and Plaintiff's performance issues during his working test, and substantiated allegations of official vehicle misuse.

5. James Nunn; Trooper Nunn may have discoverable information regarding the substantiated allegations of Plaintiffs' misuse of an official vehicle.

6. Brian Cody; Sergeant Brian Cody may have discoverable information regarding the substantiated allegations of Plaintiffs' misuse of an official vehicle.

7. David Sellars; Corporal Sellers may have discoverable information regarding an issue with Plaintiff's officially issued weapon in August 2018.

8. Kate Maier; Director of Human Resources. Ms. Maier may have discoverable information regarding Plaintiff's employment and performance issues during his working test.

9. All persons listed in Plaintiff's initial disclosures.

PSC reserves the right to amend and/or supplement this list of individuals as necessary during discovery.

**ATTACHMENT C**

1. Documents relating to Plaintiff's employment history, performance issues during his working test, and substantiated allegations of official vehicle misuse.

2. Relevant DPS policies, including those relating to non-discrimination, the duties of troopers, working test, and the use of department vehicles.

3. Documents relating to Plaintiff's proffered comparators, including employment history and alleged performance issues during working test.

4. "Agency Assist" Documents relating to outside entities reviewing Plaintiff's DPS employment file for pre-employment purposes.

5. The EEOC file relating to Plaintiff's charge of discrimination.

PSC reserves the right to amend and/or supplement this list of documents should it become necessary during the course of discovery.

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2020, I electronically filed the foregoing DEFENDANT'S INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

>Mario Williams
>mario@goodgeorgialawyer.com
>mwilliams@ndh-law.com


                                   s/*Courtney C. Poole*
                                    Courtney C. Poole
                               Assistant Attorney General